**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allen C Taylor, et al., | No. CV-16-01792-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Deutsche Bank National Trust Company, et al., | |
| Defendants. | |

Defendant has filed a motion to dismiss for failure to state a claim. (Doc. 12.) The motion is fully briefed, and neither party requested oral argument. For the reasons stated below, the motion is granted.

## **BACKGROUND**

On November 16, 2005, Plaintiffs Allen and Lynell Taylor signed an Adjustable Rate Balloon Note (Note) to obtain a loan for $277,500 in favor of the lender, New Century Mortgage Company. (Doc. 10, ¶ 5.) The Note was secured by a Deed of Trust (DOT) on real property located at 2457 E. Ivy Street, Mesa, AZ 85213. (*Id.*, ¶ 4.) At closing, Plaintiffs were advised of their right to cancel the transaction by November 21, 2005, via a "Notice of Right to Cancel Form," which both Plaintiffs signed on November 17, 2005. (Doc. 12-1 at 2.)[1]

---

[1] Defendant requests that the Court take judicial notice of several documents attached to its motion to dismiss. (Doc. 12 at 3.) The documents include: (1) Notice of Right to Cancel Form, (2) Truth-In-Lending Disclosure Statement, (3) Affidavit of

1  In June 2008, Plaintiffs stopped making payments on the Note.  (Doc. 10-1 at 31.)
2  On August 5, 2008, Defendant recorded a Notice of Trustee's Sale on the property for
3  November 5, 2008. (*Id.* at 45.)  On August 13, 2008, Tiffany & Bosco, as Trustee under
4  the DOT, sent a letter notifying Plaintiffs that the loan amount was due and that the loan
5  had been in default since May 1, 2008.  (*Id.* at 41.)  The letter also identified America's
6  Servicing Company (ASC) as the creditor and loan servicer.  (*Id.*)

7  On September 18, 2008, Allen sent a letter to Tiffany & Bosco rescinding the
8  loan.  (*Id.* at 28.)  On October 28, 2008, Plaintiffs filed for bankruptcy and the trustee's
9  sale was continued.  (*Id.* at 32-33.)  On November 5, 2008, ASC filed a proof of claim in
10 the bankruptcy court.  (Doc. 10, ¶ 35.)  The bankruptcy case proceeded, but Plaintiffs
11 moved to dismiss their bankruptcy case after the stay was lifted.  On April 25, 2010,
12 Plaintiffs executed a Loan Modification Agreement with ASC, which "amends and
13 supplements" the Note and DOT.  (Doc. 12-1 at 52-56.)  On September 28, 2010, Tiffany
14 & Bosco recorded a Cancellation of Trustee's Sale.  (*Id.* at 58.)

15 On May 10, 2016, Plaintiffs filed suit against Defendant Deutsche Bank National
16 Trust Company, as Trustee, in Maricopa County Superior Court.  (Doc. 1-1.)  Defendant
17 removed the case to this Court on June 7, 2016.  (Doc. 1.)  On June 24, 2016, Plaintiffs
18 filed an amended complaint alleging three counts:  (1) quiet title, (2) false recordings
19 perpetuated on rescinded loan creating perpetual and unresolved cloud on title, and (3)

---

Mortgage Loan Closer, (4) 40-Year, LIBOR 6-Month ARM With Two Year Rate Lock Adjustable Rate Mortgage Loan Program Disclosure, (5) Balloon Rate Disclosure, (6) Plaintiffs' Motion to Lift Bankruptcy Stay, (7) Minute Entry from the United States Bankruptcy Court, (8) Bankruptcy Court Order Lifting the Stay, (9) Plaintiffs' Motion to Withdraw from Bankruptcy, (10) Loan Modification Agreement, (11) Cancellation of Trustee's Sale, and (12) Evidence of a Recording Assignment.  (Doc. 12-1.)  Plaintiffs oppose this request, arguing that the documents are hearsay and claiming that they "do not recognize" certain documents.  (Doc. 14 at 2.)  But courts routinely take judicial notice of recorded loan documents, *see Sparlin v. Select Portfolio Serv., Inc.*, 2012 WL 527486, at *8 (D. Ariz. Feb. 17, 2012), and Plaintiffs fail to raise a genuine dispute regarding their authenticity.  Blanket statements regarding their authenticity are insufficient.  Moreover, most (if not all) of the documents are referenced in Plaintiffs' amended complaint.  (*Compare* Doc. 10-1 *with* Doc. 12-1.)  In addition, Plaintiffs fail to challenge the authenticity of the bankruptcy court proceedings or the recording assignment record search.  Consequently, the Court finds these documents are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), and will take judicial notice of them.

1 violation of the Truth in Lending Act (TILA).  (Doc. 10.)  Plaintiffs seek damages, an
2 order cancelling the Note, an order quieting title in favor of Plaintiffs, and an order
3 enjoining any foreclosure arising out of the DOT.  (*Id.* at 35-36.)  Defendant moves to
4 dismiss the amended complaint.  (Doc. 12.)

## LEGAL STANDARD

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The task when ruling on a motion to dismiss "is to evaluate whether the claims alleged [plausibly] can be asserted as a matter of law."  *See Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When analyzing the sufficiency of a complaint, the well-pled factual allegations are taken as true and construed in the light most favorable to the plaintiff.  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  However, legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Iqbal*, 556 U.S. at 680, and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2008).

## ANALYSIS

All three of Plaintiffs' claims are grounded on the allegation that they rescinded the loan in accordance with TILA. (Doc. 10, ¶¶ 103, 145, 186.)  Plaintiffs' quiet title claim alleges that the rescission rendered the Note, DOT, and Loan Modification Agreement void, and that Plaintiffs had no duty to tender the purchase price.  (*Id.*, ¶ 131.)  The false recording claim alleges that Defendant recorded several documents that were void due to the alleged rescission.  (*Id.*, ¶ 155.)  The TILA claim is based on Defendant's alleged failure to "honor" the rescission by failing to credit payments and clear their property of any security interest.  (*Id.*, ¶¶ 186-89.)

Defendant argues Plaintiffs' claims should be dismiss for several reasons:  (1) Plaintiffs fail to allege the loan was properly rescinded, (2) the claims are barred by the

1  statute of limitations, (3) the Loan Modification Agreement extinguishes Plaintiffs'
2  claims, (4) the quiet title claim fails for lack of tender, (5) the false recording claim fails
3  because none of the alleged misstatements were material to Plaintiffs, and (6) the TILA
4  claim fails because the allegations are conclusory.  The Court agrees with Defendants that
5  Plaintiffs' theory of rescission fails, that the claims are barred by the statute of
6  limitations, and that the Loan Modification Agreement bars Plaintiffs' claims.  As such,
7  the Court need not address Defendant's remaining arguments.

**I. Rescission**

TILA provides a framework for rescission of consumer credit transactions by consumers.  15 U.S.C. § 1635.  Generally, consumers have the right to rescind within "three business days following the consummation of the transaction."  § 1635(a).  This period is extended to three years if "the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor." § 1635(f).  Once the obligor exercises the right to rescind, within twenty days, "the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction."  § 1635(b).  Once the creditor complies, "the obligor shall tender the property to the creditor."  *Id.*

Plaintiffs allege that "[t]he creditor failed to deliver to the Plaintiffs two copies each of a notice of the right to rescind in a form they could take home that correctly identified the transaction and that clearly and conspicuously disclose the proper period and circumstances for rescission[.]"  (Doc. 10, ¶ 181.)  They assert the three-year rescission period, therefore, was triggered.  But Plaintiffs' allegation is conclusory, contains no supporting allegations, and therefore it is not entitled to the presumption of truth.  *See Iqbal*, 556 U.S. at 680.  Moreover, Plaintiffs do not dispute that they signed the Notice of Right to Cancel on November 17, 2005, which conspicuously discloses the three-day rescission period and includes instructions on how to rescind.  (Doc. 12-1 at 2.)  Above Plaintiffs' signatures, the Notice of Right to Cancel provides:  "The undersigned

each acknowledge receipt of two copies of NOTICE of RIGHT TO CANCEL." (*Id.*) This document, of which the Court has taken judicial notice, directly contradicts Plaintiffs' conclusory allegation otherwise, and Plaintiffs do not dispute that they signed it. Consequently, there are no well-pled allegations that Defendant violated § 1635(a), and thus the three-year rescission period was not triggered. Plaintiffs had only until November 21, 2005 to rescind the loan. Plaintiffs did not rescind until September 18, 2008. They failed to comply with TILA as a matter of law, and their claims fail.

**II. Statute of Limitations**

Alternatively, Defendant argues Plaintiffs' claims are barred by TILA's statute of limitations because they all rely on the theory that the loan was rescinded under TILA's extended 3-year right to rescind. TILA imposes a one-year statute of limitations on damages claims. 15 U.S.C. § 1640(e). Therefore, under TILA's framework, if written notice of rescission is provided to the creditor under § 1635(f) and the creditor fails to take action within twenty days, § 1640(e) "provides the borrower one year from the refusal of cancellation to file suit[.]" *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1165 (9th Cir. 2002). The Court agrees that TILA's one year statute of limitations governs all claims because each claim arises out of Plaintiffs' alleged rescission.

Plaintiffs allege that they rescinded the loan under § 1635(a) via Allen's letter to Tiffany & Bosco. The letter is dated September 18, 2008, which is within three years of the date of closing. Under § 1635(b), Defendant had twenty days in which to return any payments. Plaintiffs allege Defendant took no action. As such, under § 1640(e), Plaintiffs had one year from the date Defendant refused to comply to file suit: October 8, 2008. Plaintiffs filed suit in Maricopa County on May 10, 2016, nearly eight years later. As such, Plaintiffs' claims are barred by the statute of limitations.[2]

Plaintiffs argue that Defendant is time-barred from challenging the rescission. (Doc. 14 at 9-10.) In making this argument, they ignore TILA's one-year statute of

---

[2] Even if Defendant's affirmative failure to comply with § 1635(b) was not communicated to Plaintiffs until November 2009 when ASC filed a notice of claim in the bankruptcy court, Plaintiffs' claims still fall well outside the statute of limitations.

- 5 -

limitations applicable to their claims and misread *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015). Plaintiffs assert that, under *Jesinoski*, Defendant had twenty days to refund their payments or, if it disagreed with the rescission, one year to file suit challenging it. But *Jesinoski* held that in order for a consumer to rescind within the three year period, he need only notify the creditor of his intention to rescind. *Id.* at 792. He need not file suit. *Id.* *Jesinoski* says nothing about a creditor's ability to challenge an alleged rescission in defending against a consumer lawsuit. Plaintiffs cite no authority for their unfounded interpretation of § 1635(b) and their argument is meritless.

Accordingly, because all of Plaintiffs' claims arise out of the alleged rescission, they are barred by TILA's statute of limitations.

**III. Effect of the Loan Modification Agreement**

Defendant also argues all of Plaintiffs' claims are barred by the Loan Modification Agreement because it operates as an accord and satisfaction. "An accord and satisfaction discharges a contractual obligation or cause of action when the parties agree to exchange something of value in resolution of a claim or demand and then perform on that agreement, the accord being the agreement, and the satisfaction its execution or performance." *Abbott v. Banner Health Network*, 372 P.3d 933, 937 (Ariz. 2016). Four elements must be shown: "(1) proper subject matter, (2) competent parties, (3) assent or meeting of the minds of the parties, and (4) consideration." *Id.*

The Loan Modification Agreement, signed by both Plaintiffs in 2010, "amends and supplements" the original Note and DOT that Plaintiffs purportedly rescinded in 2008. (Doc. 12-1 at 52.) It set a fixed interest rate on the unpaid principal balance, which had previously been a variable rate under the original Note. (*Id.* at 53.) In executing the Loan Modification Agreement, Plaintiffs agreed to "comply with all other covenants, agreements, and requirements of the [original Note and DOT]. (*Id.*) Plaintiffs also agreed that "[a]ll the rights and remedies, stipulations, and conditions contained in the [original Note and DOT] relating to default in the making of payments under the [original Note and DOT] shall also apply to default in the making of the modified

1 payments hereunder." (*Id.* at 54.)

2 The Court finds that the Loan Modification Agreement satisfies the elements of an accord and satisfaction. The Agreement modified the terms of the original loan documents. In exchange, Plaintiffs received a fixed rate and Defendants continued to receive payments under the original loan. It made clear that all other conditions of the original loan documents remained in effect. Plaintiffs' signatures evidence assent to such terms, including their agreement to abide by the terms of the original loan documents, and there are no allegations that Plaintiffs objected to entering into the Loan Modification Agreement because of their earlier alleged rescission. Indeed, entering into the Loan Modification Agreement is wholly inconsistent with Plaintiffs' current position that they rescinded the loan. As such, the Court finds a valid accord and satisfaction that extinguished Plaintiffs' 2008 rescission and any claims arising therefrom.

Plaintiffs do not dispute that they executed the Loan Modification Agreement or agreed to abide by the terms of the original Note and DOT. They claim, instead, that they signed the Loan Modification Agreement under duress. (Doc. 14 at 10.) But the amended complaint contains no such allegations, and Plaintiffs fail to articulate the circumstances surrounding their execution of the Agreement.

Plaintiffs also argue that the Court should not enforce the Loan Modification Agreement because Plaintiffs are unsophisticated consumers who signed a preprinted contract, and thus they should not be bound by terms outside their reasonable expectations. (*Id.* at 12.) But the reasonable expectations doctrine has no application here, and Plaintiffs do not argue that they did not understand the document they signed. Plaintiffs signed the document knowing that it modified and amended the original loan documents. The Loan Modification Agreement is valid.

In sum, the Court finds that the Loan Modification Agreement executed by Plaintiffs operates as an accord and satisfaction of their alleged claim of rescission. By agreeing to abide by the terms of the original Note and DOT, Plaintiffs' relinquished their rescission claim in exchange for a fixed rate and an opportunity to continue making

payments on their mortgage despite their earlier default. For this reason, all of Plaintiffs' claims fail.

**IV. Conclusion**

In conclusion, the Court finds that Plaintiffs' claims fail because Plaintiffs' rescission theory fails, the claims are barred by the statute of limitations, and the claims are barred by the Loan Modification Agreement.

**IT IS ORDERED** that Defendant's motion to dismiss, (Doc. 12), is **GRANTED**. The Clerk shall terminate this action.

Dated this 19th day of October, 2016.

Douglas L. Rayes
United States District Judge