**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allen C. Taylor and Lynell M. Taylor, | No. CV-16-01792-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Capital 1 Inc. Trust 2006-NC2 Mortgage Pass-Through Certificates, Series 2006-NC2, | |
| Defendant. | |

On May 10, 2016, Plaintiffs Allen and Lynell Taylor filed suit against Defendant Deutsche Bank National Trust Company in Maricopa County Superior Court. (Doc. 1-1.) Defendant removed the case to this Court one month later. (Doc. 1.) Plaintiffs thereafter filed a first amended complaint alleging three claims arising out of a residential mortgage and foreclosure process: quiet title, false recordings perpetuated on rescinded loan, and violation of the Truth in Lending Act. (Doc. 10.)

On October 20, 2016, the Court granted Defendant's motion to dismiss because Plaintiffs' rescission theory failed and their claims otherwise were barred by the statute of limitations and a loan modification agreement. (Doc. 20.) Plaintiffs have filed motions for leave to amend and to vacate the dismissal order. (Docs. 21, 22.) The motions are fully briefed, and no party requested oral argument. For reasons stated below, the motions are denied.

**I.  Motion for Leave to Amend**

Plaintiffs seek leave to amend the first amended complaint under Federal Rule of Civil Procedure 15(a).  Rule 15(a)(2) requires the Court to "freely give leave when justice so requires."  Plaintiffs correctly note that this directive should be applied liberally in favor of amendments.  (Doc. 21 at 2-3.)  This Circuit has made clear, however, that "leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay."  *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Having carefully reviewed the proposed second amended complaint, (Doc. 21-1), and the record as a whole, the Court finds that granting leave to amend would be futile and cause undue delay and not all amendments are sought in good faith.  The motion for leave to amend therefore is denied.

**A.  The Proposed Pleading Violates Rule 8**

The Court notes at the outset that the second amended complaint fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8.  Rule 8 requires a "short and plain statement" of the claim showing an entitlement to relief.  Fed. R. Civ. 8(a)(2).  The rule further provides that each allegation must be "simple, concise, and direct."  Fed. R. Civ. 8(d)(1).

The second amended complaint falls far short of these pleading requirements.  The complaint is a lengthy narrative of events that spans nearly 40 pages and includes more than 200 verbose paragraphs and over 100 pages in exhibits.  (Doc. 21-1, 10-1.)  The complaint impermissibly contains legal arguments and related citations to various legal authorities.  The document reads more like a Rule 56 summary judgment motion and statement of facts than a simple and concise Rule 8 pleading.

Although the factual allegations must be sufficient to raise a right to relief above the speculative level, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), it is unnecessary and in violation of Rule 8 for Plaintiffs "to provide a lengthy narrative

setting forth every detail regardless of how trivial or irrelevant." *Peyton v. Vasquez*, No. 1:06-cv-01758-OWW-GSA, 2008 WL 4168837, at *1 (E.D. Cal. Sept. 5, 2008). Stated differently, a heightened pleading standard is no "invitation to disregard's Rule 8's requirement of simplicity, directness, and clarity." *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996). This requirement "applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *Id.* at 1179. The Court finds that the proposed second amended complaint is so far removed from a simple, direct, and clear pleading that it would be subject to dismissal under Rule 8. *See id.* (affirming dismissal of complaint that engaged in "storytelling" and contained "narrative rumblings"); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (no abuse of discretion in dismissing complaint pursuant to Rule 8 where the complaint and exhibits exceeded 70 pages in length and were confusing and conclusory).

**B. Granting Leave to Amend Would Be Futile**

Even if the second amended complaint satisfied Rule 8's pleading requirements, allowing the proffered amendments "would be nothing more than an exercise in futility." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The proposed complaint asserts five claims: quiet title, false recordings perpetuated on rescinded loan, breach of contract, unconscionability, and a second breach of contract claim. (Doc. 21-1, ¶¶ 110-208.) None of the claims, as amended, states a plausible claim for relief.

**1. Counts One and Two: Quiet Title and False Recording**

Plaintiffs have added Wells Fargo and Michael Bosco, the loan servicer and trustee respectively, as defendants to the quiet title and false recording claims, but these claims are nearly the same as previously pled and continue to rely on the failed rescission theory. (Doc. 21-1, ¶¶ 110-76.) Plaintiffs re-allege that they rescinded the note and deed of trust in September 2008 and the rescission automatically voided the documents. (*Id.*, ¶¶ 113, 132, 146.) In the dismissal order, however, the Court squarely rejected the rescission theory given that Plaintiffs admittedly signed the notice of right to cancel in November 2005 and the notice conspicuously disclosed the applicable three-day

rescission period. (Doc. 20 at 4-5.) The Court also found the quiet title and false recording claims to be barred by the statute of limitations and satisfied by the loan modification agreement, (*id.* at 5-8), and nothing in the proposed amended complaint changes these findings. The amended quiet title and false recording claims therefore are barred and otherwise fail to state a plausible claim for relief.

### 2. Count Three: Breach of Contract

Plaintiffs add a breach of contract claim in count three, alleging that defendants breached the note and deed of trust in pursuing the trustee's sale. (Doc. 21-1, ¶¶ 177-82.) Plaintiffs, however, fail to include an allegation as to how the purported breach occurred and instead incorporate by reference the prior allegations which fail to state a claim for relief. Because the breach of contract allegations in count three are not sufficient to raise a right to relief above the speculative level, *see Twombly*, 550 U.S. at 555, granting leave to add the claim would be an exercise in futility.

### 3. Count Four: Procedural and Substantive Unconscionability

In count four, (Doc. 21-1, ¶¶ 183-97), Plaintiffs assert an unconscionability claim against Wells Fargo based on its negotiation of the loan modification agreement, (Doc. 12-1 at 52-56). Under Arizona law, unconscionability includes "both procedural unconscionability, i.e., something wrong in the bargaining process, and substantive unconscionability, the contract terms per se." *Nelson v. Rice*, 12 P.3d 238, 242 (Ariz. Ct. App. 2000). The determination of a contract's unconscionability is for the trial court to decide as a matter of law. *Id.*

"Substantive unconscionability concerns the actual terms of the contract and examines the relative fairness of the obligations assumed." *Sw. Pet Prods., Inc. v. Koch Indus., Inc.*, 107 F. Supp. 2d 1108, 1113 (D. Ariz. 2000) (citing *Maxwell v. Fidelity Fin. Servs., Inc.*, 907 P.2d 51, 58 (Ariz. Ct. App. 1995)). Because Plaintiffs fail to allege in count four that any specific term of the loan modification agreement is unconscionable, (Doc. 21-1 ¶¶ 183-97), the claim for substantive unconscionability fails.

Procedural unconscionability is concerned with unfair surprise and examines

various attributes of the contracting parties and other factors including "'age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, [and] whether the terms were explained to the weaker party[.]'" *Maxwell*, 907 P.2d at 58 (citation omitted). Plaintiffs allege that Wells Fargo, a sophisticated national bank, took advantage of the weaker bargaining position of Plaintiffs by failing to disclose that the loan modification agreement constituted an accord and satisfaction and a reaffirmation of the note and deed of trust. (Doc. 21-1, ¶¶ 184-93.) Had this disclosure been made in the agreement, Plaintiffs argue, it would have constituted a one-sided and oppressive contract. (*Id.*, ¶ 194.)

Plaintiffs cannot have it both ways. They complain about the omission of an express waiver provision, but also contend that the inclusion of such a provision would have been impermissible and in violation of TILA. (Doc. 21-1, ¶ 190.) Plaintiffs fail to explain, and the Court otherwise does not understand, how the omission of an allegedly unlawful provision renders the loan modification agreement unconscionable.

The agreement, signed by each Plaintiff in 2010, makes clear on its face that it "amends and supplements" the original note and deed of trust that Plaintiffs purportedly rescinded in 2008. (Doc. 12-1 at 52.) As the Court previously noted, (Doc. 20 at 7), Plaintiffs signed the agreement knowing that it modified the original loan documents and that except for the interest rate change all other conditions remained in effect. Indeed, the agreement explicitly provides that except for the variable interest rate provisions, Plaintiffs "will comply with all other covenants, agreements, and requirements" of the original note including the "covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that [Plaintiffs are] obligated to make under the [note]." (Doc. 12-1 at 53.) Under the express terms of the agreement, Plaintiffs promised to begin making monthly payments of principal and interest on the original note in the amount of $1,387.10. (*Id.*) In light of these provisions and the sole purpose of the agreement – to modify the original loan documents – it cannot reasonably be said that Plaintiffs were unfairly surprised by the

finding that the agreement constituted an accord and satisfaction that extinguished any rescission claim they may have had.

It is worth noting that the loan modification agreement was not drafted by Wells Fargo but instead is a Fannie Mae Uniform Instrument (Form 3179).[1] Although Wells Fargo may have been the more sophisticated party, the terms of the agreement are clear and cannot reasonably be construed as so one-sided or oppressive to be unconscionable. The fact that Plaintiffs "entered into a contract with a financially sophisticated bank is not, in and of itself, enough to find procedural unconscionability." *Vollmer v. Present*, No. CV-10-1182-PHX-MHM, 2011 WL 11415, at *6 (D. Ariz. Jan. 4, 2011). "Courts should not assume an overly paternalistic attitude toward the parties to a contract by relieving one or another of them of the consequences of what is at worst a bad bargain and in declaring the [loan modification agreement] unconscionable, [the Court] would be doing exactly that." *Nelson*, 12 P.3d at 243 (citations omitted).[2]

### 4. Count Five: Breach of Contract

Plaintiffs assert a second breach of contract claim in count five, alleging that Mr. Bosco breached the deed of trust because he did not remain neutral and Wells Fargo breached the document by contacting Plaintiffs and misrepresenting its ownership status and that of Deutsch Bank. (Doc. 21-1, ¶¶ 200-02.) Plaintiffs further allege that defendants recorded false documents and made false statements without contractual right. (*Id.*, ¶ 205.) Plaintiffs, however, fail to specify the provisions of the deed of trust that were breached by the alleged misconduct.

Plaintiffs further allege that Wells Fargo breached the implied duty of good faith

---

[1] *See* https://www.fanniemae.com/content/legal_form/3179.pdf (last visited Jan. 10, 2017) (Form 3179 1/01 (rev. 01/09)).

[2] Plaintiffs reassert their argument that the loan modification agreement did not constitute an accord and satisfaction due to lack of consideration, (Doc. 21-1, ¶ 191), but Plaintiffs admit that the variable interest rate on the loan was changed by Wells Fargo to a lower fixed rate under the terms of the agreement. Nothing in the proposed amended complaint changes the Court's earlier finding, (Doc. 20 at 7), that the loan modification agreement operates as an accord and satisfaction of Plaintiffs' alleged rescission claim.

and fair dealing by failing to disclose that the loan modification agreement constituted a waiver of rescission rights. (*Id.*, ¶ 204.) As previously explained, however, Plaintiffs had no valid right to rescission at the time they entered into the loan modification agreement and the document otherwise made clear that Plaintiffs were agreeing to abide by the terms of the original note with the exception of the interest rate provisions. The breach of contract allegations in count five do not raise a right to relief above the speculative level and therefore fail to state a plausible claim for relief. *See Twombly*, 550 U.S. at 555.

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin*, 59 F.3d at 845. In this case, Plaintiffs' proffered amendments do not cure the deficiencies of the first amended complaint and otherwise fail to state a plausible claim against Defendant Deutsch Bank, Wells Fargo, or Mr. Bosco. Leave to amend therefore will be denied as futile. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094-96 (9th Cir. 2010) (affirming denial of leave to amend where the plaintiff's claims were barred and amendment would have been futile).

### C. Plaintiffs Do Not Seek to Add Mr. Bosco in Good Faith

Another relevant factor in deciding a motion for leave to amend is whether the amendment is sought in bad faith. Plaintiffs seek to add Mr. Bosco, a non-diverse party, and request that the case be remanded to state court for lack of jurisdiction. (Doc. 21 at 6.) Even where amendment is permissive under Rule 15(a)(1), a district court has discretion in a removed case to consider the propriety and fairness of allowing the amendment if it would destroy the court's jurisdiction. *See Clinico v. Roberts*, 41 F. Supp. 2d 1080, 1086-87 (C.D. Cal. 1999). This discretion is broader where the plaintiff needs leave to file a second amended complaint under Rule 15(a)(2) and consideration of bad faith squarely is at issue. *See Ascon Props.*, 866 F.2d at 1160 (setting forth the factors to be considered in deciding whether to grant leave to amend under Rule 15(a)(2)).

Defendant argues that the proposed addition of Mr. Bosco and deletion of the

federal TILA claim is nothing more than a thinly veiled attempt on the part of Plaintiffs to strip the Court of jurisdiction after receiving an adverse ruling. (Doc. 25 at 6.) Plaintiffs state that they did not initially sue Mr. Bosco "out of extreme caution" that he would claim to be a valid trustee not liable for the information given to him, (Doc. 21 at 4), but Plaintiffs do not explain why they seek to add him now and their conclusory allegations against him provide no basis for doing so. The Court finds that Plaintiffs do not seek to add Mr. Bosco in good faith and will deny leave to amend on this basis. *See McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1340 (9th Cir. 1987) (affirming denial of leave to amend where the amendment was offered in bad faith to destroy diversity jurisdiction); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (no abuse of discretion in denying leave to amend where the plaintiff sought to add a claim against a new party which would have deprived the court of jurisdiction).

### D. Granting Leave to Amend Would Cause Undue Delay

The Court further finds that allowing another amendment would cause undue delay and this factor therefore weighs in favor of denying leave to amend. In assessing undue delay, a court considers "whether the moving party knew or should have known the facts and theories raised by amendment in the original pleading.'" *Amerisource Bergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). In other words, "courts are within their discretion to deny motions to amend when a proposed amended complaint contains new facts that had been available to the plaintiff prior to filing the previous complaint." *Palivos v. Fed'n Internationale Football Ass'n*, No. 2:2015-CV-1721-JCM (CWH), 2016 WL 4059360, at *4 (D. Nev. July 27, 2016).

Plaintiffs filed the first amended complaint in June 2016 after conferring with Defendant about the complaint's deficiencies. At the time of amendment, Plaintiffs either knew or should have known about Wells Fargo and Mr. Bosco's involvement in the foreclosure process and loan modification transaction, and yet Plaintiffs deliberately chose not to name them as defendants in the complaint. The granting of leave to amend at this stage of the proceedings therefore would result in undue delay. *See id*; *Vickrey v.*

*Erbst*, No. CV-07-483-C-BLW, 2010 WL 2103948, at *1 (D. Idaho May 24, 2010) (finding undue delay where the plaintiff already had amended the complaint and knew the facts forming the basis of the newly proposed amendments).

### E.  Plaintiffs Had a Prior Opportunity to Amend

The Court's discretion to deny leave to amend is "particularly broad where [the] plaintiff previously has amended the complaint." *Ascon Props.*, 866 F.2d at 1160; *see Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (noting that whether the plaintiff previously had amended the complaint is a relevant factor in deciding a motion to amend). Shortly after removal of the case, the Court issued an order requiring the parties to meet and confer before the filing of a motion to dismiss to determine whether an amendment could cure a deficient complaint. (Doc. 6.)  Counsel for the parties met and conferred in June 2016 to discuss what Defendant believed to be defects in the complaint, and Plaintiffs thereafter filed the first amended complaint pursuant to stipulation. (Docs. 8-10.) Despite having prior notice of the original complaint's defects, Plaintiffs were not able to cure those deficiencies in the first amended complaint as shown by the Court's dismissal order.  (Doc. 20.)

Given the prior opportunity to amend and failure to cure the complaint's deficiencies, the Court finds the granting of leave to file a second amended complaint to be unwarranted.  *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (affirming denial of leave to file an amended pleading where the plaintiff had a prior opportunity to amend and cure deficiencies).

In summary, Plaintiffs have not shown that justice requires leave to file a second amended complaint given that the amendments would be futile and cause undue delay and not all amendments are sought in good faith.  The motion for leave to amend is denied.[3]

---

[3] Plaintiffs contend that amendment is not futile under *Steinberger v. McVey*, 318 P.3d 419 (Ariz. Ct. App. 2014). (Doc. 21 at 5.)  Futility, however, is not the sole basis for the denial of leave to amend.  Moreover, *Steinberger* does not save the failed rescission theory nor does it change the Court's conclusions that the breach of contract claims are not well pled and the loan modification agreement is not unconscionable.

**II. Motion to Vacate, Alter, or Amend Order**

Plaintiffs request that the Court vacate or amend the dismissal order pursuant to Federal Rule of Civil Procedure 59(a) in order to allow Plaintiffs to file the second amended complaint. (Doc. 22 at 1.) The request is misplaced because Rule 59(a) provides for the granting of a new trial and no trial was held in this matter.

To the extent Plaintiffs seek relief under Rule 59(e), which provides for the amendment of judgments, the motion is denied because no final judgment has been entered. Indeed, Plaintiffs request entry of an appealable final judgment if the Court were to deny leave to amend. The Court will oblige.

Because the case previously was dismissed and leave to amend is denied, the Court will direct the clerk to enter judgment accordingly.[4]

**IT IS ORDERED** that Plaintiffs' motions for leave to amend and to vacate, alter, or amend order, (Docs. 21, 22), are **DENIED**. The clerk is directed to enter judgment against Plaintiffs and in favor of Defendant.

Dated this 17th day of January, 2017.

Douglas L. Rayes
United States District Judge

---

[4] The Court also has considered Plaintiffs' motion as one requesting reconsideration and seeking relief from the dismissal order under Rule 60(b), but finds the motion to be without merit in this regard. Motions to reconsider "are not the place for the parties to make new arguments not raised in their original briefs" or to "ask the Court to rethink what it has already considered." *Coleman v. Ryan*, No. CV-12-01553-PHX-DGC, 2013 WL 2287046, at *1 (D. Ariz. May 23, 2013); *see* LRCiv 7.2(g)(1). Plaintiffs' motion does exactly that, arguing that the Court erred by misconstruing the allegations and arguments. (Doc. 26 at 2-11.) Because Plaintiffs have not shown that the Court committed clear error or the initial decision was manifestly unjust, the motion to vacate or amend the dismissal order is denied.