WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allen C. Taylor and Lynell M. Taylor,<br><br>Plaintiffs,<br><br>v.<br><br>Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Capital 1 Inc. Trust 2006-NC2 Mortgage Pass-Through Certificates, Series 2006-NC2,<br><br>Defendant. | No. CV-16-01792-PHX-DLR<br><br>**ORDER** |

Plaintiffs Allen and Lynell Taylor have appealed from the orders dismissing the complaint and denying leave to amend and the entry of judgment in favor of Defendant Deutsche Bank National Trust Company. (Docs. 20, 29, 30, 34.) Before the Court is Plaintiffs' motion to stay judgment and enjoin trustee sale pending appeal. (Doc. 44.) The motion is fully briefed, and neither side has requested oral argument. (Docs. 45, 46.) For reasons stated below, the motion is denied.

**I. Background**

This suit arises out of a residential loan transaction more than ten years ago. Plaintiffs claim to have rescinded the note and deed of trust in 2008, but entered into a loan modification agreement two years later. Plaintiffs stopped making loan payments in early 2016.

Plaintiffs filed suit against Defendant in state court in May 2016, and Defendant removed the case to this Court one month later. (Doc. 1.) Plaintiffs thereafter filed a first amended complaint purporting to assert three claims: quiet title, false recordings perpetuated on rescinded loan, and violation of the Truth in Lending Act. (Doc. 10.)

In October 2016, the Court granted Defendant's motion to dismiss because Plaintiffs' rescission theory failed and their claims otherwise were barred by the statute of limitations and the loan modification agreement. (Doc. 20.) Three months later, the Court denied Plaintiffs leave to file a second amended complaint and denied their motion to vacate the dismissal order. (Doc. 29.) The Clerk then entered judgment in favor of Defendant, noting that Plaintiffs were "to take nothing" and the "complaint and action are dismissed." (Doc. 30.)

Given Plaintiffs' default on the loan, Defendant noticed a trustee's sale of the subject property for August 9, 2017. Plaintiff then filed the present motion for a stay of the judgment and to enjoin the trustee's sale pursuant to Federal Rule of Civil Procedure 62(c), (d) and (f). (Doc. 44.)

## I. Rule 62(c) Does Not Apply

By its express terms, Rule 62(c) applies when an appeal is pending from an order or judgment that "grants, dissolves, or denies an injunction[.]" The orders and judgment appealed from in this case, however, do not involve an injunction. The Court recognizes that Plaintiffs' claim for quiet title would, as a practical matter, preclude foreclosure if proven to have merit. Dismissing a claim that would have the effect of avoiding a potential future foreclosure, however, is not the equivalent of a court order denying an injunction.

In short, "Rule 62(c) does not apply, because that rule applies to injunctions, and no injunction is involved here." *Bank of N.Y. Mellon v. Worth*, No. 3:13-cv-1489 (MPS), 2015 WL 1780719, at *4 (D. Conn. Apr. 20, 2015); *see Jones v. Bd. of Supervisors of the La. Univ. Sys.*, No. 14-2304, 2016 WL 5362700, at *1 n.2 (E.D. La. Sept. 26, 2016) ("Rule 62(c) governs injunctions pending an appeal; there is no injunction in this case.").

The Court denies the request to enjoin the trustee sale under Rule 62(c).[1]

It is worth noting that even if the Court's orders and judgment could be construed as denying injunctive relief, Plaintiffs have not shown that an injunction pending appeal is warranted. The standard for obtaining a Rule 62(c) injunction of a trustee's sale pending appeal is the same as the standard for obtaining a preliminary injunction under Rule 65. *RCC South LLC v. SFI Belmont LLC*, No. CV-11-2356-PHX-DGC, 2011WL 6019279, at *1 (D. Ariz. Dec. 5, 2011). The plaintiffs must show that they are likely to succeed on appeal, will suffer irreparable harm without an injunction, the balance of hardships weighs in their favor, and an injunction serves the public interest. *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agric.*, 415 F.3d 1078, 1092 (9th Cir. 2005). Alternatively, the plaintiffs must "demonstrate *either* a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions are raised and the balance of hardships tips sharply in [their] favor." *Id.* "Serious questions 'must involve a fair chance of success on the merits.'" *RCC South LLC*, 2011 WL 6019279 at *1 (quoting *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988) (en banc)).

In this case, Plaintiffs have failed to raise serious questions going to the merits. As previously explained, Plaintiffs' purported rescission of the loan was untimely and is barred by the subsequent loan modification agreement. (Docs. 20 at 5-7, 29 at 3-4.) The Court cannot conclude that Plaintiffs have a fair chance of success on appeal in this regard.

Similarly, Plaintiffs have not demonstrated serious questions concerning the denial of leave to amend. The Court denied leave to file a second amended complaint for a host

---

[1] Plaintiffs assert that even though there was no prior injunction, the Court may "enjoin the sale per Rule 62(g)" because Plaintiffs were still making loan payments when this litigation began. (Doc. 44 at 5.) Rule 62(g), however, simply makes clear that the power of the appellate court to issue injunctions or stay proceedings is not limited by the other subjections of the rule. To the extent Plaintiffs meant to cite Rule 62(c), they present no legal authority that the Court may enjoin the trustee's sale under that rule absent a prior order granting or denying an injunction. *See Bank of N.Y. Mellon*, 2015 WL 1780719, at *4; *Jones*, 2016 WL 5362700, at *1 n.2.

of independent reasons: violations of Rule 8, futility, bad faith, undue delay, and the prior opportunity to amend. (Doc. 29 at 2-9.) Plaintiffs simply do not have a fair chance on appeal of showing that the Court abused its discretion and that justice requires leave to amend in this case. The Court therefore declines to grant an injunction of the trustee's sale. *See RCC South LLC*, 2011 WL 6019279 at *3 (denying stay and request to enjoin trustee's sale pending appeal where the plaintiff failed to make the showing required for a preliminary injunction).

**II. Rule 62(d) Does Not Apply**

Plaintiffs move to stay enforcement of the judgment in this case pursuant to Rule 62(d), which allows a losing party to obtain a stay by posting a bond. (Doc. 44 at 4.) "The Ninth Circuit has found that Rule 62(d) applies only to money judgments." *Cal. Bank & Trust, LLC v. Shilo Inn*, No. CV-12-161-LRS, 2015 WL 12867067, at *2 (E.D. Wash. Mar. 13, 2015) (citing *N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988)); *see Marcus I. v. Dep't of Educ.*, No. 10-00381 SOM/BMK, 2012 WL 3686188, at *2 (D. Haw. Aug. 24, 2012) (same); *GIB, LLC v. Salon Ware, Inc.*, No. CV 13-07191 (2014 WL 12560615, at *1 (C.D. Cal. May 13, 2014) ("Rule 62(d) is appropriate for monetary judgments, and nonmonetary judgments are not entitled to an automatic stay."); *United States v. Orr Water Ditch Co.*, 391 F.3d 1077, 1079 n.2 (9th Cir. 2004) (noting that Rule 62(d) "provides for an automatic stay in appeals of money judgments"). There was no money judgment in this case. Moreover, a stay of the judgment that Plaintiffs shall "take nothing" would serve no purpose and would not affect a stay of the trustee's sale. Plaintiffs' request for a Rule 62(d) stay is denied because that rule is not implicated by the Court's non-monetary judgment in favor of Defendant.

**III. Rule 62(f) Does not Apply**

Plaintiffs assert that under Rule 62(f), a judgment debtor is entitled to the same stay of execution the state court would give where "the judgment pertains to the 'judgment debtor's property[.]'" (Doc. 44 at 4.) But Rule 62(f), by its express terms, applies only "[i]f a judgment is a lien on the judgment debtor's property[.]" Defendant

notes, correctly, that the judgment in this case does not serve as a lien on property. (Doc. 45 at 13.) Moreover, Plaintiffs are not "judgment debtors" in this case – their claims were dismissed and Defendant asserted no counterclaims. Plaintiffs' request for a Rule 62(f) stay is denied.

**IV. Conclusion**

In summary, Plaintiffs have not shown that a stay or injunction pending appeal is appropriate under Rule 62 or otherwise. Their motion to stay the judgment and enjoin the trustee's sale therefore is denied.[2]

**IT IS ORDERED** that Plaintiffs' motion to stay judgment and enjoin trustee sale pending appeal (Doc. 44) is **DENIED**.

Dated this 2nd day of August, 2017.

Douglas L. Rayes
United States District Judge

---

[2] It is worth noting that Plaintiffs have not shown, or even alleged, that they could post a sufficient bond pending appeal. As of December 2016, the outstanding deficiency on the loan was more than $18,000, and the amount to be repaid if Plaintiffs prevailed on their rescission theory is $277,500 (the amount of the loan). The Court rejects Plaintiffs' contention that no bond should be required because the property serves as collateral for the loan. (Doc. 44 at 13-14.)